UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Hillary Ann Kost, a/k/a Hilary Kost DeVary,
and Jon Eldon DeVary,

        Plaintiffs,                  Civil No. 13-583 (JNE/TNL)

v.                                     ORDER

John Hunt et al.,

        Defendants.

Marshall H. Tanick appeared for Plaintiffs.

Oliver J. Larson appeared for Defendants Tom Landwehr, Ramona Dohman, Mark Holsten, Michael Campion, Wade Setter, Rodman Smith, James Konrad, Keith Parker, Robert Maki, Steve Lime, Charlie Regnier, Stan Gruska, and Sheila Deyo.

Bryan D. Frantz and Robert D. Goodell appeared for Defendant Anoka County.

      Plaintiffs Hillary Ann Kost and Jon Eldon DeVary filed the present action against various present and former employees of the Minnesota Department of Public Safety ("DPS") and Minnesota Department of Natural Resources ("DNR"), as well as various other entities, including multiple cities, counties, and the State of Minnesota.  Plaintiffs filed this action after learning that Defendant John Hunt, a former DNR employee, had engaged in unauthorized viewing of private data from their motor vehicle records maintained by the DPS.  The First Amended Complaint ("complaint") in this action makes claims against the Defendants for impermissible accesses of Plaintiffs' personal information under the Drivers' Privacy Protection Act ("DPPA"), 42 U.S.C. § 1983, and Minnesota state law.

      Many of Plaintiffs' claims against the DPS and DNR personnel track the claims filed by the plaintiffs in multiple putative class actions, currently consolidated under *Kiminski v. Hunt*,

Civ. No. 13-185 (JNE/TNL) ("*Kiminski* actions"). Plaintiffs' action had been a prospect for inclusion with the *Kiminski* actions, but continues separately. Nonetheless, for the reasons explained below, this order refers to the order that issued on September 20, 2013 in the *Kiminski* actions, (Docket No. 66 in Civ. No. 13-185) ("*Kiminski* Order"), dismissing various defendants affiliated with the DPS and DNR. Presently before the Court are two motions to dismiss for failure to state a claim, one filed by the named DPS and DNR personnel other than Defendant John Hunt ("State Defendants") and the other filed by Defendant Anoka County. For the reasons stated below, both motions are granted.

## BACKGROUND

According to the complaint, Plaintiffs Kost and DeVary are married to each other and are licensed private investigators. They provided personal information about themselves to the DPS "for the purpose of acquiring and utilizing State of Minnesota drivers' licenses." The information that Plaintiffs provided "include[ed] their address, color photograph, date of birth, weight, height and eye color, and in some instances, their medical and/or disability information." The complaint states that Plaintiffs received a letter from the DNR in mid-January 2013. The complaint subsequently refers to a letter from the DNR, dated January 14, 2013, alleged to have been received by 5000 people. Plaintiffs have filed the DNR letter in opposition to other motions currently pending in this action. The letter sent to the Plaintiffs by the DNR appears to be the same one received by the plaintiffs in the *Kiminski* actions.

The complaint alleges the same material facts regarding Defendant Hunt and the State Defendants as detailed in the *Kiminski* Order, which should be referenced for background information. The complaint identifies the same set of State Defendants as the consolidated amended class action complaint ("*Kiminski* Complaint") in the *Kiminski* actions, with two

exceptions. First, the complaint names and identifies three additional State Defendants as follows:

- *Rodman Smith*, Defendant Hunt's immediate supervisor;
- *James Konrad*, a DNR employee with supervisory authority over Defendants Smith and Hunt; and
- *Wade Setter*, Superintendent of the Bureau of Criminal Apprehension ("BCA"), a division of the DPS, which maintains a database of information concerning driver's license data and other private data on individuals.

Plaintiffs bring this action against Defendants Smith and Konrad in their individual capacities. The complaint names Setter in his individual capacity and, for purposes of prospective relief on a claim under 42 U.S.C. § 1983, in his official capacity.

Second, the complaint includes as defendants unnamed individuals other than John Hunt at the state agencies and other entities "who obtained, used, or disclosed [Plaintiffs' personal information] without legal justification or without a proper purpose." The complaint categorizes these Defendant Does as "Individual Defendants" along with Defendant Hunt. In contrast, the *Kiminski* Complaint only named John Hunt as someone who personally accessed the plaintiffs' private data for improper purposes. As with the *Kiminski* Complaint, however, the complaint here includes other Does as supervisory defendants and defendants responsible for creating and maintaining the DPS databases.

The complaint explains that on receipt of the letter from the DNR, Plaintiffs sought an audit of the release of their motor vehicle records and "discovered numerous incidents of unlawful access" of their personal information. From this audit, plaintiffs learned of accesses of their private data by entities other than the DNR, including numerous cities, counties, private,

and other organizations. The complaint includes and incorporates four exhibits with information about these accesses. The complaint characterizes Exhibits 1 and 3 as summaries of "some of the audit information received from the [DPS division of Driver and Vehicle Services,] DVS, omitting and redacting what are believed to be legitimate instances of use of the records." Similarly, the complaint describes Exhibits 2 and 4 as modified summaries of information received from the BCA. Believing many of the accesses improper, plaintiffs filed the present action on March 14, 2013. On June 14, 2013, the State Defendants filed their motion to dismiss the complaint against them. Anoka County filed its motion subsequently.

A June 17, 2013 order of the Magistrate Judge initially consolidated this action with the *Kiminski* actions. Plaintiffs objected to the consolidation, resulting in its reversal. In objecting to consolidation, Plaintiffs noted that the State Defendants named had filed a motion to dismiss the *Kiminski* Complaint that was similar in many respects to the State Defendants' motion to dismiss in this action. Plaintiffs represented that they would not object to relying on the briefing of the plaintiffs in the *Kiminski* actions on overlapping issues. Accordingly, for purposes of their opposition to the present motion, Plaintiffs incorporated the arguments of the *Kiminski* plaintiffs and only separately addressed additional matters they deemed unique to this action.

## DISCUSSION

A defendant may seek to dismiss a complaint for failure to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a pleading need not contain detailed factual allegations, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will

not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Thus, the complaint must do more than merely leave "open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." *Twombly*, 550 U.S. at 561 (internal quotation marks omitted). It must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court accepts the facts alleged in the complaint as true. *Crooks v. Lynch*, 557 F.3d 846, 848 (8th Cir. 2009). "This tenet does not apply, however, to legal conclusions or formulaic recitation of the elements of a cause of action; such allegations may properly be set aside." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (internal quotation marks omitted). Nonetheless, all "reasonable inferences supported by the facts alleged" must be granted in favor of the plaintiff. *Id.* at 595.

### I. State Defendants' Motion to Dismiss

The complaint asserts Counts I, III, and VI against some or all of the State Defendants. Count I alleges violations of the DPPA. It alleges that Defendant Hunt and the other Individual Defendants made illegal accesses of Plaintiffs' personal motor vehicle record information for improper purposes. It then alleges DPPA violations, using very similar language as the *Kiminski* Complaint, against the State Defendants for providing Hunt and other Individual Defendants with access to the relevant databases in the absence of adequate monitoring and control

5

mechanisms. Count III and VI allege violations under 42 U.S.C. § 1983 of Plaintiffs' federal statutory and constitutional rights in an analogous manner to the *Kiminski* Complaint. The *Kiminski* Order found that the *Kiminski* Complaint failed to state violations under the DPPA or 42 U.S.C. § 1983 against the State Defendants. For the reasons detailed in the *Kiminski* Order, the claims in this action against the State Defendants will be dismissed.

The State Defendants' brief also notes in a footnote that the DPS John and Jane Does should be dismissed because Plaintiffs' theory of liability as to them is the same as their theory of liability with regard to the State Defendants. That contention is accurate as to the DPS Does categorized as "Supervisory Defendants" and Does responsible for creating and maintaining the relevant DPS databases. Consequently, no claims against any such DPS Does survive this order. Plaintiffs rely on a different theory of liability, however, for the DPS Does categorized as Individual Defendants like Defendant Hunt. In particular, the complaint contends that those Does themselves obtained, used, or disclosed Plaintiffs' personal information without a proper purpose. Since neither side has briefed the issues involved with determining whether the complaint states a claim against the DPS Does who qualify as Individual Defendants, this order does not dismiss any such DPS Does.[1]

## II.     Anoka County's Motion to Dismiss

The complaint's claims against Anoka County stem from a single transaction by which someone affiliated with the County accessed Plaintiff DeVary's motor vehicle record data from the BCA database. In particular, Exhibit 4 to the complaint shows several entries with the same transaction number, 0EBE01024A, listing Anoka County and a time of 8:35 a.m. on May 24,

---

[1] To the extent the complaint names any Does at the DNR, they will be dismissed. The same rationales that apply to the State Defendants apply to any Supervisory Does at the DNR. Plaintiffs' brief indicates that Defendant Hunt is the only defendant who qualifies as an Individual Defendant from the DNR.

6

2009. Based on that transaction, the complaint alleges violations under the DPPA and 42 U.S.C. § 1983, as well as negligent infliction of emotional distress against Anoka County.

The *Kiminski* Order provides background on the DPPA and discusses the civil action provision of 18 U.S.C. § 2724(a) in detail. That provision provides for a cause of action against a "person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under" the DPPA. 18 U.S.C. § 2724(a). Anoka County seeks dismissal of the complaint against it on the ground that the complaint fails to allege any facts that "raise a plausible inference of an impermissible use."

In response, the Plaintiffs fail to point to any facts alleged in the complaint which could support a plausible inference that the access of Plaintiff DeVary's data on May 24, 2009 by Anoka County was for a purpose not permitted under the DPPA. Rather, Plaintiffs attempt to shift the burden to Anoka County of detailing a proper purpose for the access of the data, arguing that Plaintiffs lack the ability to ascertain the specific reason for Anoka County's access without discovery. But 18 U.S.C. § 2724(a) does not offer an unqualified license to conduct discovery into every access of an individual's motor vehicle record data by a governmental entity. One of the permissible uses of motor vehicle record information under the DPPA is "[f]or use by any government agency, including any court or law enforcement agency, in carrying out its functions…." *Id.* at § 2721(b)(1). Plaintiffs' complaint does not allege any facts to support a plausible inference that Anoka County's access of Plaintiff DeVary's data fell outside of that, and any other, permissible use.

Plaintiffs cite cases from two other district courts in support of their position that their complaint's bald assertion that Anoka County accessed their data for an impermissible purpose suffices to state a DPPA claim. But neither case warrants a finding in Plaintiffs' favor. The

complaint at issue in *Welch v. Theodorides-Bustle*, 677 F. Supp. 2d 1283 (N.D. Fla. 2010), specified more facts than Plaintiffs' complaint regarding an alleged impermissible purpose.  In *Welch*, the complaint indicated that the plaintiffs' personal information had been made available on the internet and that any internet user could access it for no reason or on a whim.  677 F. Supp. 2d at 1286.  In light of those allegations, the court found that the complaint "sufficiently alleges a violation of the [DPPA]." *Id.* at 1286-87.  It went on to note that whether the complaint "sufficiently alleges each defendant's role in the violation is less clear" but "each defendant was apparently directly involved in the allegedly improper disclosure at issue." *Id.* at 1287.  As to the state officials, the opinion found that the contracts covering their disclosure of the plaintiffs' information to the data reseller next in line did not specify a permissible use for the data provided.  *Id.* at 1286.  In contrast, Plaintiffs have not alleged any facts that support a plausible inference of an improper purpose for Anoka County's access of their data.

In *Wiles v. Southwestern Bell Telephone Co.*, Civ. No. 09–4236, 2010 WL 1463025, at *1 (W.D. Mo. 2010), the complaint specified that AT&T had obtained a large database of personal and highly restricted personal information concerning hundreds of thousands of licensed Missouri drivers without their consent for "commercial purposes and profit—purposes which are not specifically allowed by the DPPA."  In contrast, Plaintiffs' complaint does not assert any purpose for Anoka County's access, the propriety of which might be assessed or the sufficiency of its pleading evaluated.  Rather, Plaintiffs' position appears to be that merely because they cannot think of a specific purpose for which Anoka County might have accessed Plaintiff DeVary's data in conducting its governmental functions, they are entitled to discovery of that purpose.

Such a conclusion cannot be correct. "With the exception of misuse, the DPPA's legislative history indicates a desire to preserve broad discretion for law enforcement agents to retrieve information in the course of their duties." *Smythe v. City of Onamia*, 2013 WL 2443849, at *5 (D. Minn. 2013). The need for, and importance of, allowing that discretion is also evidenced by the "law enforcement privilege," which has been recognized by the federal courts. *See In re The City of New York*, 607 F.3d 923, 942 n.18 (2d Cir. 2010) ("[D]espite its recent origins, the law enforcement privilege is grounded in well-established doctrine and is widely recognized by the federal courts."); *In re U.S. Dept. of Homeland Sec.*, 459 F.3d 565, 569 (5th Cir. 2006) (collecting cases recognizing the privilege); *see also Black v. Sheraton Corp. of America*, 564 F.2d 531, 541-42 (D.C. Cir. 1977) (discussing the close connection to the concept of an "executive privilege").

Allowing Plaintiffs to conduct discovery based on their complaint—which fails to identify any facts supporting their contention that someone at a governmental entity retrieved their personal information for an impermissible purpose—would create burdens on law enforcement that there is no indication Congress intended to create in enacting the DPPA. The primary motivating concerns leading to enactment of the DPPA were (1) the growing threat from stalkers and criminals who could acquire personal information from motor vehicle records, and (2) the states' practice of selling personal information to businesses engaged in direct marketing and solicitation. *See Maracich v. Spears*, 133 S. Ct. 2191, 2198 (2013); *Roth v. Guzman*, 650 F.3d 603, 606 (6th Cir. 2011). The complaint states no facts related to Anoka County's retrieval of Plaintiff DeVary's data that implicate either of those concerns[2], further confirming the propriety of holding Plaintiffs to the letter of the applicable pleading requirements.

---

[2]  By contrast, the facts alleged in *Wiles* and *Welch* do implicate those concerns.

In light of these considerations, the Court declines to find that Plaintiffs have adequately pled a DPPA violation by Anoka County. Federal Rule of Civil Procedure 8(a)(2) places the burden of pleading facts showing entitlement to relief on the plaintiff. The complaint here fails to state any facts that might support a reasonable inference that Anoka County retrieved Plaintiff DeVary's data for a purpose not permitted by the DPPA.

The *Kiminski* Order discusses the unavailability of a cause of action under 42 U.S.C. § 1983 under analogous circumstances to those alleged by Plaintiffs here. Count II of Plaintiffs' complaint alleges direct violations under § 1983 by Anoka County. Count III asserts violations under § 1983 by Anoka County based on an alleged custom and practice of illegal accessing of motor vehicle records at the County and a failure of the County to train, monitor, or supervise those who engaged in the illegal accesses. For the reasons stated in the *Kiminski* Order, Plaintiffs claims invoking § 1983 will be dismissed.

In particular, the DPPA reflects congressional intent to preclude § 1983 actions for statutory violations and the grievances alleged by Plaintiffs do not implicate any constitutional right to privacy for which a § 1983 claim may be made. Since Plaintiffs' complaint does not state any underlying violation of a federal right under § 1983 by Anoka County or its employees, neither can it seek to impose liability on a supervisory theory. *Brockinton v. City of Sherwood, Ark.*, 503 F.3d 667, 673-74 (8th Cir. 2007) (confirming that an underlying substantive violation is a prerequisite for individual or municipal liability on a supervisory theory); *McCoy v. City of Monticello*, 411 F.3d 920, 922 (8th Cir. 2005) ("This circuit has consistently recognized a general rule that, in order for municipal liability to attach, individual liability first must be found on an underlying substantive claim.").

Plaintiffs' state law claim for negligent infliction of emotional distress ("NIED") cannot survive the dismissal of their DPPA and § 1983 claims against Anoka County. To adequately state an NIED claim, a complaint must meet the requirements of stating a negligence claim, along with additional ones particular to the emotional distress aspect of an NIED claim. *See Engler v. Illinois Farmers Ins. Co.*, 706 N.W.2d 764, 767 (Minn. 2005). Four elements must be shown for a negligence claim: (1) a duty of care; (2) a breach of that duty; (3) an injury; and (4) the breach of the duty being the proximate cause of the injury. *Id.* Since Plaintiffs' complaint fails to state a violation under the DPPA or § 1983, it fails to state a breach that can support their NIED claim. Plaintiffs' NIED claim depends on such a violation, and their brief concedes that in its absence, their complaint does not state an NIED claim.

## CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendants Tom Landwehr, Ramona Dohman, Mark Holsten, Michael Campion, Wade Setter, Rodman Smith, James Konrad, Keith Parker, Robert Maki, Steve Lime, Charlie Regnier, Stan Gruska, and Sheila Deyo's Motion to Dismiss [Docket No. 27] is GRANTED.

2. The First Amended Complaint against them and John and Jane Does at the DNR is DISMISSED.

3. Defendant Anoka County's Motion to Dismiss [Docket No. 61] is GRANTED.

4. The First Amended Complaint against Anoka County and any John and Jane Does at Anoka County is DISMISSED.

Dated: October 8, 2013

                                                              s/Joan N. Ericksen
                                                              JOAN N. ERICKSEN
                                                              United States District Judge