UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Hilary Ann Kost, a/k/a Hilary Kost DeVary,
and Jon Eldon DeVary,

                 Plaintiffs,                 Civil No. 13-583 (JNE/TNL)

v.                                       ORDER

John Hunt et al.,

                 Defendants.

Presently before the Court are Plaintiffs' objections to an order issued on December 19, 2013, by the Honorable Tony N. Leung, United States Magistrate Judge, and three motions filed by individual Defendants.  The order to which Plaintiffs object denied their motion for leave to amend the First Amended Complaint.  The Defendants' motions are a motion for judgment on the pleadings filed by the City of Minneapolis, a motion for judgment on the pleadings filed by the County of St. Louis, and a motion to dismiss filed by the City of Edina.

**1.  Plaintiffs' objections to the Magistrate Judge's order**

Having reviewed the record, the Court affirms the Magistrate Judge's order because it is neither "clearly erroneous" nor "contrary to law."  *See* 28 U.S.C. § 636(b)(1)(A) (2012); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a).  The Magistrate Judge denied the Plaintiffs' motion to amend on the basis of the futility of the proposed amendments.  *See* Docket No. 241 at 8-17.  Futility of amendment is a proper basis for denying leave to amend a complaint.  *Hammer v. City of Osage Beach*, 318 F.3d 832, 844 (8th Cir. 2003); *see also Hintz v. JPMorgan Chase Bank, N.A.*, 686 F.3d 505, 511 (8th Cir. 2012) (explaining that a denial of leave to amend on futility grounds means that "the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure").

As the Magistrate Judge concluded, none of the proposed amendments would change the ability of Plaintiffs' First Amended Complaint to withstand a motion to dismiss by the Defendants that opposed Plaintiffs' motion to amend or that have pending motions for judgment on the pleadings.[1]  Count I of the current complaint and proposed Second Amended Complaint asserts violations of the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. §§ 2721-2725, based on retrievals of Plaintiffs' driver's license data.  A detailed description of Plaintiffs' DPPA claims is available in the Court's prior orders in this case.  The Court previously determined that DPPA claims based on retrievals of Plaintiffs' data occurring prior to four years from the filing of the initial complaint are time-barred.  *See Kost v. Hunt*, Civ. No. 13-583, 2013 U.S. Dist. LEXIS 162897, at *11-26 (D. Minn. Nov. 15, 2013).  The proposed amendments would not affect the outcome of a dismissal motion as to such claims.  For the claims not barred by the statute of limitations, the complaint with the proposed amendments also fails to adequately allege a DPPA claim.

This Court has previously discussed the standards applicable in assessing whether a complaint adequately states a DPPA claim based on a particular retrieval of personal information by a government actor whose job provides general access to the protected data, i.e. a defendant who implicates the exception of 18 U.S.C. § 2721(b)(1) for permissible uses of protected driver's license data.  *See Mitchell v. Aitkin County*, Civ. No. 13-2167, 2014 U.S. Dist. LEXIS 27089, at *15-31 (D. Minn. Mar. 4, 2014).  In relevant part, a claim against such a defendant, pursuant to

---

[1]     Defendant John Hunt has not made an appearance in this case.  In Plaintiffs' objections to the Magistrate Judge's order, they do not contend that any of the proposed amendments alter the viability of their claims as to Defendant John Hunt.  The factual allegations that Plaintiffs seek to add appear directed to their claims against the Defendants that have already been dismissed pursuant to Federal Rules of Civil Procedure 12(b)(6) or 12(c) or that have pending motions based on those Rules.  Consequently, the Court's consideration of Plaintiffs' objections to the Magistrate Judge's order is limited to an evaluation of the futility of the proposed amendments as to those Defendants—not Defendant Hunt.

18 U.S.C. § 2724(a), must adequately allege an impermissible purpose for the retrieval of the plaintiff's personal information, which generally entails pointing to an external manifestation of the alleged improper purpose. *See id.* at *27-28 (collecting prior DPPA cases in which "the facts allowed for an external basis—in the form of the officer's subsequent actions—to probe the propriety of the prior retrieval of information"). Plaintiffs' proposed Second Amended Complaint continues to rely on speculation about the purpose of the identified data retrievals and fails to point to any external manifestation of the alleged improper purpose. Therefore, the Court agrees with the Magistrate Judge's determination that the proposed amendments would not change the viability of Plaintiffs' DPPA claims against the relevant Defendants.

Counts II, III, and V of the proposed Second Amended Complaint assert claims pursuant to 42 U.S.C. § 1983. The Court has previously held that Plaintiffs' complaint fails to state a viable § 1983 claim. *Kost v. Hunt*, Civ. No. 13-583, 2013 U.S. Dist. LEXIS 145148, at *15-16 (D. Minn. Oct. 8, 2013). The proposed amendments do not alter the unavailability of a § 1983 claim to Plaintiffs. *See Mitchell*, 2014 U.S. Dist. LEXIS 27089, at *31-32 (citing cases dismissing § 1983 claims on materially indistinguishable facts). Count IV of the proposed Second Amended Complaint asserts a claim for negligent infliction of emotional distress ("NIED"). The Court previously found that Plaintiffs had failed to state an NIED claim because they failed to adequately allege any breach to support the basic negligence claim that must be established as part of an NIED claim. *See Kost*, 2013 U.S. Dist. LEXIS 145148, at *16-17 (discussing Plaintiffs' NIED claim and citing *Engler v. Ill. Farmers Ins. Co.*, 706 N.W.2d 764, 767 (Minn. 2005), for the elements of an NIED claim under Minnesota law). As the Magistrate Judge noted, the proposed amendments would not alter that outcome. Moreover, an NIED claim

includes elements beyond those of a basic negligence claim,[2] which Plaintiffs' complaint clearly does not allege.

### 2.      Defendants' motions

The three motions before the Court seek dismissal of Plaintiffs' complaint,[3] pursuant to Federal Rules of Civil Procedure 12(b)(6) or 12(c).  Plaintiffs' allegations as to the City of Edina, City of Minneapolis, and St. Louis County do not differ materially from Plaintiffs' allegations against the city and county Defendants previously dismissed.  The Court's prior determinations on Plaintiffs' § 1983 and NIED counts apply to their claims against these three Defendants.  *See id.* at *15-17.  Plaintiffs' DPPA claim against the City of Edina is time-barred and the complaint against it will be dismissed with prejudice.  For the City of Minneapolis and St. Louis County, Plaintiffs' DPPA claims rely on at least one data retrieval within four years of the filing of the complaint, such that their DPPA claims are not time-barred.  Nonetheless, the complaint fails to point to any external manifestation of an impermissible purpose with regard to the data retrievals by Minneapolis and St. Louis.[4]  *See Mitchell*, 2014 U.S. Dist. LEXIS 27089, at *15-31.  The DPPA claims against those Defendants will consequently be dismissed without prejudice.

---

[2]      "In addition to the elements of negligence, a plaintiff claiming NIED must prove that she: (1) was within the zone of danger of physical impact created by the defendant's negligence; (2) reasonably feared for her own safety; and (3) consequently suffered severe emotional distress with attendant physical manifestations."  *Engler*, 706 N.W.2d at 767.  While Minnesota appellate courts have acknowledged an exception to the "zone of danger" rule when a plaintiff "may recover damages for mental anguish or suffering for a direct invasion of his rights, such as defamation, malicious prosecution, or other willful, wanton or malicious conduct," *see Bohdan v. Alltool Mfg.*, Co., 411 N.W.2d 902, 907 (Minn. Ct. App. 1987), Plaintiffs point to no Minnesota cases that have allowed an NIED claim under circumstances comparable to those at issue here.

[3]      The First Amended Complaint is the operative complaint for purposes of Defendants' motions.  Nonetheless, as discussed in connection with Plaintiffs' objection to the Magistrate Judge's order, dated December 19, 2013, the proposed Second Amended Complaint also fails to state a claim against the city and county defendants.

[4]      The proposed Second Amended Complaint seeks to add the following allegation:

Therefore, IT IS ORDERED THAT:

1.  Plaintiffs' objections [Docket No. 242] to the Magistrate Judge's December 19, 2013, order are OVERRULED.

2.  The Magistrate Judge's order [Docket No. 241] is AFFIRMED.

3.  The motion for judgment on the pleadings of Defendant City of Minneapolis [Docket No. 211] is GRANTED.

4.  The motion for judgment on the pleadings of Defendant St. Louis County [Docket No. 235] is GRANTED.

5.  Defendant City of Edina's motion to dismiss [Docket No. 219] is GRANTED.

6.  The First Amended Complaint is DISMISSED with prejudice as to the City of Edina.

7.  As to the City of Minneapolis and St. Louis County, Count 1 of the First Amended Complaint is dismissed without prejudice and the remaining counts are dismissed with prejudice.


Dated:  May 15, 2014                           s/Joan N. Ericksen
                                               JOAN N. ERICKSEN
                                               United States District Judge

---

Plaintiffs Kost and DeVary have experienced unusual and inexplicable improper use of their private data, when an unknown individual used Plaintiff Kost's banking information and charged an airplane ticket to England in the approximate amount of $4,000.00. Plaintiff DeVary was notified by the Internal Revenue Service than [*sic*] an unknown person was attempting to file income taxes using his information.
Docket No.182-3 at 22.  Even if such an allegation could be read as entailing a connection to Plaintiffs' driver's license data, it does not reflect a link to any particular Defendant and is too vague to form an adequate factual basis to allow Plaintiffs' complaint to be maintained against the thirty or so city and county Defendants listed in the complaint.