# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Hilary Ann Kost, also known as Hilary Kost De Vary, et al., | Case No. 13-cv-583 (JNE/TNL) |
| Plaintiffs, | **REPORT & RECOMMENDATION** |
| v. | |
| John Hunt, individually and in his capacity as an employee of the Minnesota Department of Natural Resources, et al., | |
| Defendants. | |

This matter comes before the Court on an Amended Order to Show Cause (ECF No. 273), directing Plaintiffs to show cause why this matter should not be dismissed for failure to prosecute against Defendant John Hunt and various Defendant John and Jane Does. A hearing was held on July 27, 2016. Marshall H. Tanick of Hellmuth & Johnson PLLC appeared on behalf of Plaintiffs.

## I. BACKGROUND

In 2013, Plaintiffs Hilary Ann Kost and Jon Eldon DeVary filed this action against numerous individual and entity defendants, including multiple cities and counties. (*See generally* Compl., ECF No. 1.) *See Kost v. Hunt*, No. 13-cv-583 (JNE/TNL), 983 F. Supp. 2d 1121, 1122 (D. Minn. 2013) (*Kost II*); *Kost v. Hunt*, No. 13-cv-583 (JNE/TNL), 2013 WL 5566045, at *1 (D. Minn. Oct. 8, 2013) (*Kost I*). In May 2013, Plaintiffs filed a First Amended Complaint, naming more than 50 defendants, "including twenty-three

cities and seven counties in Minnesota." (*See generally* First Am. Compl., ECF No. 9.) *Kost II*, 983 F. Supp. 2d at 1122. The First Amended Complaint asserted claims against Defendants "under the Driver's Privacy Protection Act of 1994 ('DPPA'), 42 U.S.C. § 1983, and Minnesota state law for alleged impermissible accesses of Plaintiffs' personal data maintained by the Minnesota Department of Public Safety." *Kost II*, 983 F. Supp. 2d at 1122. Included among these defendants were Defendant John Hunt and various Defendant John and Jane Does. (*See, e.g.*, First Am. Compl. ¶¶ 2, 26-28, 31, 33-34, 41-42, 44-47, 56, 59, 66, 72, 79-81, 83-93, 111-13, 115-16, 120-30, 150-53.)

More than 30 similar actions have been filed in this District alleging the unlawful access of private data. *See, e.g.*, *Garn v. City of Brooklyn Park*, No. 14-cv-4196 (PAM/SER), 2015 WL 1321568, at *2 (D. Minn. Mar. 24, 2015) (listing cases); *see also Babu v. City of Becker*, No. 14-cv-4471 (DSD/FLN), 2015 WL 1285312, at *1 (D. Minn. Mar. 20, 2015) ("This case is just one of many nearly identical cases filed in this district . . . ."), *appeal filed*, No. 15-1805 (8th Cir. Apr. 20, 2015); *Delaney v. Beltrami Cnty.*, No. 14-cv-0358 (PJS/LIB), 2014 WL 5406884, at *5 (D. Minn. Oct. 21, 2014) (observing the existence of "so many DPPA cases pending in this District"), *appeal filed*, No. 14-3673 (8th Cir. Nov. 28, 2014). Included among these other actions were *Bass v. Anoka County*, No. 13-cv-860 (DSD/LIB); *Potocnik v. Anoka County*, No. 13-cv-1103 (DSD/TNL); *McDonough v. Al's Auto Sales, Inc.*, No. 13-cv-1889 (DSD/FLN) (*McDonough I*); *Mitchell v. Aitkin County*, 13-cv-2167 (JNE/FLN); *Mallak v. Aitkin

*County*, No. 13-cv-2119 (DWF/LIB) (*Mallak I*); and *Sapp v. City of Brooklyn Park*, No. 14-cv-4698 (DWF/LIB) (*Sapp I*).[1]

### A. *Kost* Proceedings

Defendant Hunt was served with the First Amended Complaint in June 2013. (ECF No. 51 at 9-13.) Defendant Hunt has not answered or otherwise participated in this litigation. Through a series of orders and stipulations, all Defendants other than Defendant Hunt and various Doe Defendants have been terminated from this matter. (ECF Nos. 56, 75, 168, 171, 172, 173, 174, 181, 203, 206, 208, 217, 218, 223, 230, 264, 268.) *See Kost v. Hunt*, No. 13-cv583 (JNE/TNL), 2014 WL 2002989 (D. Minn. May 15, 2014) (*Kost III*); *Kost II*, 983 F. Supp. 2d 1121; *Kost I*, 2013 WL 5566045. The last Order of the district court is dated May 15, 2014. *See Kost III*, 2014 WL 2002989. More than two years passed without further action from Plaintiffs' counsel until prompted by the Court to show cause as to why this matter should not be dismissed for failure to prosecute.

---

[1] Notably, DPPA cases continue to be litigated in this District and in the Eighth Circuit Court of Appeals. Matters pending in this District include but are not limited to *Loeffler v. City of Anoka*, No. 13-cv-2060 (MJD/TNL); *Potocnik v. Carlson*, 13-cv-2093 (PJS/HB), *Kampschroer v. Anoka County*, 13-cv-2512 (SRN/TNL). In December 2015, several appeals were submitted to the Eighth Circuit Court of Appeals, some with oral argument and others on the briefs. *See, e.g.*, *Ray v. Anoka Cnty.*, No. 14-2964 (8th Cir. filed Aug. 22, 2014); *Sherno v. Anoka Cnty.*, No. 14-3288 (8th Cir. filed Oct. 15, 2014); *Gavin v. Anoka Cnty.*, No. 14-3404 (8th Cir. filed Oct. 24, 2014); *Potocnik v. City of Minneapolis*, No. 14-3448 (8th Cir. filed Oct. 30, 2014); *Kampschroer v. Ramsey Cnty.*, No. 14-3527 (8th Cir. filed Nov. 7, 2014); *Kampschroer v. Anoka Cnty.*, No. 14-3529 (8th Cir. filed Nov. 7, 2014); *Kampschroer v. City of Saint Paul*, No. 14-3533 (8th Cir. filed Nov. 7, 2014); *Kampschroer v. Beltrami Cnty.*, No. 14-3537 (8th Cir. filed Nov. 7, 2014); *Kampschroer v. Dakota Cnty.*, No. 14-3539 (8th Cir. filed Nov. 10, 2014); *Kampschroer v. City of Minneapolis*, No. 14-3540 (8th Cir. filed Nov. 10, 2014); *Kampschroer v. Olmsted Cnty.*, No. 14-3542 (8th Cir. filed Nov. 10, 2014); *Kampschroer v. Saint Louis Cnty.*, No. 14-3543 (8th Cir. filed Nov. 10, 2014); *Kampschroer v. City of Edina*, No. 14-3600 (8th Cir. filed Nov. 17, 2014); *Roschen v. Wabasha Cnty.*, No. 14-3651 (8th Cir. filed Nov. 24, 2014); *Delaney v. Beltrami Cnty.*, No. 14-3673 (8th Cir. filed Nov. 28, 2014); *Kolls v. City of Edina*, No. 14-3750 (8th Cir. filed Dec. 8, 2014); *Kendall v. City of Albert Lea*, No. 15-1288 (8th Cir. filed Feb. 6, 2015); *Karasov v. City of Minneapolis*, No. 15-1488 (8th Cir. filed Mar. 6, 2015); *Babu v. City of Becker*, No. 15-1805 (8th Cir. filed Apr. 20, 2015). "There is, of course, no timetable for the Court of Appeals's ruling on th[e]se matters." *Garn*, 2015 WL 1321568, at \*2.

### B. *McDonough II*

Meanwhile, litigation in the other DPPA cases continued, resulting in dismissal, in whole or in part, of many cases. *See Garn*, 2015 WL 1321568, at *2. Included among the dismissed cases were *McDonough I*, *Bass*, *Potocnik*, and *Mitchell*. *Id.* These four cases were consolidated on appeal to the Eighth Circuit Court of Appeals. *See McDonough v. Anoka Cnty.*, 799 F.3d 931, 937 (8th Cir. 2015) (*McDonough II*), *reh'g and reh'g en banc denied* (8th Cir. Oct. 16, 2015), *cert. denied*, 136 S. Ct. 2388 (May 31, 2016); *see also Garn*, 2015 WL 1321568, at *2 (noting oral argument in the consolidated appeal). The issues before the appellate court included, among others, whether the statute of limitations began to run at the time the allegedly impermissible access of personal information occurred or upon the discovery of the access; what it means to "obtain" personal information under the DPPA, which provides a cause of action against "[a] person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted," 18 U.S.C. § 2724(a); and whether the plaintiffs had sufficiently pleaded the impermissible-purpose element of their DPPA claims. *McDonough II*, 799 F.3d at 939-55.

The Eighth Circuit Court of Appeals issued *McDonough II* on August 20, 2015. *Id.* at 933. The appellate court concluded that the statute of limitations for DPPA claims begins to run when the alleged violation occurred and affirmed the district courts' "dismissal[s] of claims of violations that occurred more than four years prior to the filing of the complaints." *Id.* at 943. With respect to the elements of a DPPA claim, the appellate court observed that a plaintiff "must prove that the [d]efendant[] 1) knowingly

2) obtained, disclosed, or used personal information, 3) from a motor vehicle record, 4) for a purpose not permitted." *Id.* at 945 (citing 18 U.S.C. § 2724(a)). The appellate court concluded that the personal information at issue was obtained when it was accessed or observed and "obtaining [a plaintiff's] information without a permissible purpose, regardless of whether that information is subsequently used, violates the DPPA." *Id.* at 944-45.

The Eighth Circuit Court of Appeals in *McDonough II* then turned to the sufficiency of the plaintiffs' allegations concerning the impermissible-purpose element. Emphasizing the case-specific nature of the analysis, the appellate court made several observations. First, without allegations of concerted activity, it was not sufficient simply to allege that the plaintiff's personal information was "accessed hundreds of times by dozens of government entities throughout the state of Minnesota in the span of a few years" and that the plaintiff had committed no crimes, had not been involved in a criminal investigation, and had reason to believe that law enforcement officers may have a personal interest in her. *Id.* at 947.

Second, while most of the plaintiffs had "allege[d] that they had professional relationships with law enforcement personnel, or a degree of local fame, [they] ha[d] not pleaded, for example, that they had a relationship with particular officers or agents of [l]ocal [e]ntities, that the alleged accesses occurred shortly after interactions with officers or agents of [l]ocal [e]ntities, or that certain [officers or agents'] accesses were timed in such a way that they corresponded with a significant event that could explain the interest in [the plaintiff's] personal information." *Id.* In essence, allegations "reveal[ing]

5

suspicious access patterns and timing of accesses" could nudge a DDPA claim "'across the line from conceivable to plausible.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). An example of such a suspicious pattern could be the accessing of the plaintiff's personal information by law enforcement officers or agents "on the same day or within the span of a few hours through multiple, unrelated agencies." *Id.*

Third, "multiple late-night accesses, when viewed in combination with the other allegations," could also elevate a DPPA claim "to the level of plausibility." *Id.* at 948. Fourth, the high volume and suspicious timing of the accesses combined with "the legislative auditor's report finding that at least half of Minnesota law enforcement officers were misusing personal information in the database" sufficiently rebutted the presumption of regularity courts generally afford public officers in carrying out their duties. *Id.*; *see United States v. Chem. Found., Inc.*, 272 U.S. 1, 14-15 (1926) ("The presumption of regularity supports the official acts of public officers, and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties."), *cited with approval in Wilburn v. Astrue*, 626 F.3d 999, 1003-04 (8th Cir. 2010).

After evaluating each plaintiff's specific allegations, the Eighth Circuit Court of Appeals reversed the dismissal of a number of individual, agency, and entity defendants in the *McDonough I*, *Bass*, and *Mitchell* matters, concluding that claims against these defendants had been adequately pleaded. *McDonough II*, 799 F.3d at 948-54. The Eighth Circuit Court of Appeals affirmed the dismissal of the *Potocnik* matter. *Id.* at 955.

*McDonough I*, *Bass*, and *Mitchell* were remanded for further proceedings. *Id.* at 957. A writ of certiorari was denied by the United States Supreme Court on May 31, 2016. *McDonough v. Anoka Cnty.*, 136 S. Ct. 2388 (May 31, 2016).

### C. *Mallak II*

The *Mallak I* matter came before the Eighth Circuit Court of Appeals on the denial of qualified immunity to certain law enforcement officers. *Mallak v. City of Baxter*, 823 F.3d 441, 444 (8th Cir. 2016) (*Mallak II*). The district court concluded that there was a genuine issue of material fact as to the purpose for which the officers accessed the plaintiff's information and denied them qualified immunity. *Id.* The officers filed an interlocutory appeal. *Id.* With reference to *McDonough II*, the Eighth Circuit Court of Appeals noted that "the record include[d] several facts indicating that each officer may have accessed [the plaintiff's] data for an improper purpose," including some prior relationships between the plaintiff and several of the officers and a suspicious access pattern corresponding to a significant event—the admittance of the plaintiff's son at a hospital. *Id.* at 446-47 (citing 799 F.3d at 947). The Eighth Circuit Court of Appeals concluded, however, that it lacked jurisdiction to reevaluate the district court's determination on the existence of a factual dispute on an interlocutory appeal. *Id.* at 447-48 (citing *Johnson v. Jones*, 515 U.S. 304, 319-20 (1995)). *Mallak II* was issued on May 19, 2016. *See id.* at 442.

### D. *Sapp II*

More recently, the Eighth Circuit Court of Appeals dismissed another DPPA-related cased on jurisdictional grounds, *Sapp v. City of Brooklyn Park*, No. 15-2548, ___

7

F.3d \_\_\_\_, 2016 WL 3361467, at *1-3 (8th Cir. June 17, 2016) (*Sapp II*). Here, the plaintiff's claims were dismissed by the district court without prejudice and she was given an option to file an amended complaint. *Sapp II*, 2016 WL 3361467, at *1. Rather than amend the complaint, the plaintiff "informed the district court that she intended to stand on her original complaint, and she requested that the court enter final judgment dismissing her case with prejudice." *Id.* The plaintiff, however, "appealed the district court's decision without receiving the judgment she requested." *Id.* "Because [the plaintiff] did not obtain a final judgment following the district court's dismissal of her complaint with leave to amend, [the appellate court concluded that it] . . . lack[ed] jurisdiction over th[e] appeal." *Id.* at *3. The Eighth Circuit Court of Appeals dismissed the appeal on June 17, 2016. *Id.* at *1, *3.

## II. ANALYSIS

### A. Inherent Authority

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) (footnote omitted)); *accord Fitzpatrick v. Hennepin Cnty.*, No. 09-cv-1594 (RHK/JJK), 2010 WL 1626906, at *2 (D. Minn. Apr. 21, 2010). A dismissal for want of prosecution is part of a court's "inherent power to control its docket." *Lunsford v. RBC Dain Rauscher, Inc.*, No. 05-cv-2750 (DSD/RLE), 590 F. Supp. 2d 1153, 1158 (D. Minn. 2008). "This 'ancient' authority to dismiss is just one of a court's inherent powers, which are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and

8

expeditious disposition of cases.'" *Johnson v. S.C. Johnson & Son, Inc.*, No. 4:14-cv-00203-SMR-CFB, 2015 WL 11112559, at *3 (S.D. Ia. Jan. 28, 2015) (quoting *Link*, 370 U.S. at 630, 631).

### B. Rule 41(b)

Additionally, the Court may dismiss an action under Federal Rule of Civil Procedure 41(b) if the plaintiff fails to prosecute. *See Otis v. Knudsen*, No. 05-489 (MJD/AJB), 2008 WL 4949157, at *3 (D. Minn. Nov. 17, 2008) ("Although Rule 41(b) is restricted in its wording to situations in which a motion to dismiss is filed, it has been interpreted to include *sua sponte* dismissals as well."). Such dismissals are reviewed for an abuse of discretion. *See, e.g.*, *Bergstrom v. Frascone*, 744 F.3d 571, 574 (8th Cir. 2014); *DiMercurio v. Malcom*, 716 F.3d 1138, 1139 (8th Cir. 2013); *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 722 (8th Cir. 2010). "In exercising that discretion, the court must focus on the facts and circumstances of the particular case." *Fitzpatrick*, 2010 WL 1626906, at *2; *see DiMercurio*, 716 F.3d at 1140 (taking into account "the plaintiff's state of mind and the attendant circumstances"). Dismissal under Rule 41(b) is appropriate where there has been a clear record of delay. *See, e.g.*, *Bergstrom*, 744 F.3d at 575; *DiMercurio*, 716 F.3d at 1140; *Fitzpatrick*, 2010 WL 1626906, at *2; *Lunsford*, 590 F. Supp. 2d at 1158. There is no prerequisite that the plaintiff be found to have acted in bad faith, only that the plaintiff's actions were intentional rather than accidental or involuntary. *Rodgers v. Curators of Univ. Mo.*, 135 F.3d 1216, 1219 (8th Cir. 1998); *accord DiMercurio*, 716 F.3d at 1140; *Arnold*, 627 F.3d at 722.

### C. Dismissal is Warranted

Plaintiffs' case was filed over three years ago and has been dormant for the last two. This span of inaction is inconsistent with the principles espoused in Rule 1, namely, "the just, *speedy*, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1 (emphasis added). "While short delays in a case are normal and, thus, generally tolerated by courts, delays in proceedings that last for more than one year and effectively cause the action to come to a standstill are entirely unacceptable because they clog the docket, subvert the court's efficiency, and unnecessarily waste judicial resources." *Hickman v. Fox Television Station, Inc.*, 231 F.R.D. 248, 253 (S.D. Tex. 2005). The absence of any efforts to litigate this matter during the last two years is strongly indicative of a failure to prosecute. *See Rodgers*, 135 F.3d at 1221 (case delayed over two years); *Fairman v. Hurley*, 373 F. Supp. 2d 227, 233-34 (W.D. N.Y. 2005) (dismissing action with prejudice for failure to prosecute, among other reasons, when plaintiff had taken no steps to prosecute in two years); *see also Wubayeh v. City of New York*, 320 F. App'x 60, 62 (2d Cir. 2009) (summary order) (affirming dismissal with prejudice under Rule 41(b) where plaintiff failed to take action for more than four years, including over one and one-half years after bankruptcy proceedings had concluded).

Plaintiffs state that, in light of appeals taken in related DPPA cases, "[c]ounsel believed it would be more efficient to await results in the other matters to see how the case law developed, rather than seek immediate review in the Eighth Circuit." (Pl.'s Mem. in Resp. at 2, ECF No. 274.) Plaintiffs cannot commence suit and then bide their time indefinitely, watching and waiting for any and all similar matters to progress

through the appellate court. But, even assuming for sake of argument that this was the more efficient course of action, Plaintiffs did not request a stay of this matter while *McDonough II* (or any of the other matters) was being considered by the Eighth Circuit Court of Appeals. *See Indiana Ins. Co. v. Matrix LS, Inc.*, No. 06 C 2115, 2012 WL 2458523, at *4 (N.D. Ill. June 27, 2012) (plaintiff's statement that it "'abstained from taking any action in this lawsuit while [it] waited for the underlying class action to move forward'" did not "explain why [plaintiff] did not approach this Court and move to have the proceedings stayed pending resolution of the underlying suit, which would have been the proper mechanism for the outcome [plaintiff] desired"). Plaintiffs volitionally chose to wait and see.

Moreover, at the hearing, Plaintiffs' counsel stated that they considered joining the appeals of the related cases, but final judgment had not yet been entered in this case. Plaintiffs, however, could have moved for certification under Rule 54(b). *See* Fed. R. Civ. P. 54(b) ("When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."); *Gelboim v. Bank of Am. Corp.*, 135 S. Ct. 897, 902 (2015) ("Rule 54(b) permits district courts to authorize immediate appeal of dispositive rulings on separate claims in a civil action raising multiple claims."). And yet, Plaintiffs

11

just waited. Plaintiffs' lack of follow through evinces a deliberate and intentional strategy of inaction.[2]

Next, this Court's Order directed Plaintiffs to show cause why this matter should not be dismissed. Instead of describing with some particularity Plaintiffs' diligence in pursuing their claims or providing an explanation for the lengthy delay, Plaintiffs essentially presented an argument for reconsideration of prior rulings in this matter in light of *McDonough II*, *Mallak II*, and *Sapp II*. First, as an initial matter, even Plaintiffs recognize that *Sapp II*, the more recent decision, was dismissed for lack of jurisdiction and did not address the merits. (Pl.'s Mem. in Resp. at 2.) Second, *Mallak II* was primarily concerned with an appeal of an order denying qualified immunity. *See* 823 F.3d at 445-48. To the extent that *Mallak II* commented on allegations nudging a DPPA claim across the line from conceivable to plausible, the Eighth Circuit Court of Appeals was applying the reasoning previously articulated in *McDonough II*. *See id.* at 447.

Third, *McDonough II* was decided nearly one year ago. As such, the holding and analysis upon which Plaintiffs rely to support reconsideration of certain prior rulings in this matter have been around for some time. Yet, Plaintiffs have made no attempt to

---

[2] An analogy used by the *Indiana Insurance Co.* court is on point. In *Indiana Insurance Co.*, the plaintiff took no action for nearly four years, citing "deliberate abstention" while related litigation proceeded. 2012 WL 2458523, at *1-2. Dismissing the case under Rule 41(b) for lack of prosecution, the district court observed:

> Whatever the reason, the Court is convinced that no reasonable person would park his car on the street and expect it to still be there four years later, a useable vehicle for getting where he wanted to go. Neither should any plaintiff think that it can park its case in a court for four years, doing nothing to feed the meter, and expect it to still be there, a useable vehicle for getting where it wants to go.

*Id.* at *5.

explain why they have not yet pursued reconsideration or taken other steps to move this litigation forward.[3]

Lastly, Plaintiffs' delay has prejudiced Defendants' abilities to defend themselves against Plaintiffs' claims.  The central focus of these DPPA cases has been why the plaintiff's personal information was accessed, i.e., was the purpose for which the defendants obtained the information permissible.  *See* 18 U.S.C. § 2724(a); *McDonough II*, 799 F.3d at 948-55 (considering whether the facts alleged permitted the reasonable inference of impermissible purpose).  Given the four-year statute of limitations measured from the filing of the Complaint, Plaintiffs' claims require Defendants to recall the precise reason(s) for actions they may have taken as far back as seven years ago. "[W]itnesses' memories fade over time."  *Hickman*, 231 F.R.D. at 253; *cf. Mallak II*, 823 F.3d at 447 (noting officers could not "recall why they accessed [plaintiff's] information").  Thus, Plaintiffs' period of inaction prejudices not only Defendant Hunt and the various Doe Defendants, but also any defendant that would potentially be brought back into this matter should a motion for reconsideration be granted.

In sum, Plaintiffs have not shown cause as to why this matter should not be dismissed.  Whatever the reason, Plaintiffs' strategy of conscious inaction is rendered more dubious when viewed alongside their failure to seek a stay of proceedings or other procedural avenues of appeal, as well as the period of time that has passed since the holding and analysis of *McDonough II* (upon which Plaintiffs now rely to support

---

[3] For example, Defendant Hunt was served with the First Amended Complaint in June 2013 and any answer or other response to the First Amended Complaint was due in July 2013.  (*See* ECF No. 51 at 9-13.)  Two years later, Plaintiffs have not yet moved for entry of default.  *See* Fed. R. Civ. P. 55.

reconsideration) have been available. Plaintiffs knew about the legal developments in DPPA litigation and yet took no action. Under the circumstances, the Court finds that there is a clear record of intentional delay and dismissal is appropriate.

### D. With or Without Prejudice

"Unless the dismissal order states otherwise, a dismissal under . . . [Rule 41](b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). "Dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or continued or persistent failure to prosecute a complaint." *Givens v. A.H. Robins Co., Inc.*, 751 F.2d 261, 263 (8th Cir. 1984); *accord Bergstrom*, 744 F.3d at 575; *DiMercurio*, 716 F.3d at 1140; *Arnold*, 627 F.3d at 722; *Smith v. Gold Dust Casino*, 526 F.3d 402, 405 (8th Cir. 2008). The Eighth Circuit Court of Appeals has stressed the importance of the sanction's proportionality to the conduct at issue. *Smith*, 526 F.3d at 405; *accord Bergstrom*, 744 F.3d at 574-75. "A district court should weigh its need to advance its burdened docket against the consequence of irrevocably extinguishing the litigant's claim and consider whether a less severe sanction could remedy the effect of the litigant's transgressions on the court and the resulting prejudice to the opposing party." *Arnold*, 627 F.3d at 722 (quotation and citation omitted); *see Rodgers*, 135 F.3d at 1219.

Here, the conduct at issue is Plaintiffs' intentional failure to prosecute this matter for a lengthy period of time. A continued or persistent failure to prosecute an action can be sufficient to support dismissal with prejudice under Rule 41(b). *See, e.g.*, *DiMercurio*, 716 F.3d at 1140; *Rodgers*, 135 F.3d at 1219; *Givens*, 751 F.2d at 263. Nevertheless,

such dismissals have generally been accompanied by more egregious misconduct, such as willful violations of court orders. *Fitzpatrick*, 2010 WL 1626906, at *3; *see, e.g.*, *Arnold*, 627 F.3d at 722 ("Plaintiffs demonstrated a persistent pattern of delay and failure to comply with the district court's orders."); *Rodgers*, 135 F.3d at 1221 ("[T]here is evidence that appellant's dilatory conduct and disregard of court orders continued over a two-year period."); *Otis*, 2008 WL 4949157, at *4-6 (pattern of intentional delay and egregious misconduct by plaintiff including service deficiencies, improper filings, fraudulent documents, incredible explanations, and violation of a court order); *cf. DiMercurio*, 716 F.3d at 1140 (distinguishing cases involving "an ongoing pattern of delay, a persistent failure to prosecute, or disobedience of court orders on the part of the plaintiff"). *But see Indiana Ins. Co.*, 2012 WL 2458523, at *3-5.

While there has been a persistent failure to prosecute through intentional inaction, the record is devoid of defiant conduct or other acts whose primary purpose is to obstruct the judicial process. The absence of more egregious misconduct weighs against dismissing this matter with prejudice. Balancing the persistent failure to prosecute this action, the prejudice to all Defendants resulting from the delay, and the languishing of this matter on the Court's heavy docket against the lack of defiant conduct or purpose to obstruct the judicial process, the Court recommends that this matter be dismissed without prejudice.

In recommending dismissal without prejudice, the Court has considered the viability of lesser sanctions. *See Bergstrom*, 744 F.3d at 575-76. Plaintiffs propose that they be given 60 days in which to seek leave to file a motion for reconsideration. To

begin with, this Court's Local Rules state that "[a] party who seeks permission to file a motion to reconsider must first file and serve a letter of no more than two pages requesting such permission." D. Minn. LR 7.1(j). Plaintiffs have not complied with this Court's Local Rule. More importantly, however, giving Plaintiffs a deadline by which to seek leave to file a motion for reconsideration is not suitable for two reasons. It does nothing to ameliorate the prejudice all Defendants have endured on account of Plaintiffs' intentional delay.[4] *See Arnold*, 627 F.3d at 722. It also rewards Plaintiffs' conscious strategy of inaction. Entertaining a request for leave to file a motion for reconsideration at this point in time essentially permits Plaintiffs to leverage the Amended Order to Show Cause into renewing this litigation against dismissed claims and parties. Allowing Plaintiffs to benefit from their intentional delay does not facilitate "the just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1.

Finally, Plaintiffs' counsel notified the Court at the hearing that, with the adoption of the occurrence rule in *McDonough II*, approximately 80% of the lookups at issue in this case have fallen away. For the remaining 20%, this Court is cognizant that a dismissal without prejudice may well have the practical effect of a dismissal with prejudice due to the statute of limitations. Notably, Plaintiffs have not asserted that their claims would be time-barred if forced to refile and, even if they had, the possibility of such a result does not change the fact that Plaintiffs deliberately and intentionally chose a strategy of inaction. And, it is that volitional inaction which now amplifies the impact of a dismissal without prejudice.

---

[4] *See supra* II.C.

### III. RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HERBY RECOMMENDED** that this matter be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.

Date: August   11   , 2016                                    *s/ Tony N. Leung*
                                                                Tony N. Leung
                                                                United States Magistrate Judge
                                                                for the District of Minnesota

                                                                *Kost v. Hunt*
                                                                Case No. 13-cv-583 (JNE/TNL)

### NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.